IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

BOBBY J. NAPIER,

    Plaintiff,

V.                                CIVIL ACTION NO. 3:06-0989

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

### MEMORANDUM ORDER

    In this action, filed under the provisions of 42 U.S.C. § 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

    Plaintiff filed his application on June 17, 2002, alleging disability as a consequence of "chronic heart disease and acute bronchitis." On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-five years of age and had completed high school. His past relevant employment experience consisted of work as a dozer repairman and caregiver. In his decision, the administrative law judge determined that plaintiff suffers from "coronary artery disease, lung disease, and back pathology" which he concluded were severe. Though concluding that plaintiff was unable to perform his past relevant work,[1] the administrative law judge determined that he had the residual functional capacity for a limited range of light level work. On the basis of this finding and relying on Rule 202.21 of the Medical Vocational Guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision. In terms of medical background, the record establishes that plaintiff has a history of myocardial infarction in February 2001 and again in June 2002. On both of these occasions he received angioplasty with stent placement. His cardiac status was relatively stable until March 2003 when he began complaining of shortness of breath with exertion, and complaints of chest pain followed in May 2003. After catheterization, angioplasty was again performed and another stent inserted. Since this time, reports of plaintiff's follow-up appointments reflect he has done well from a cardiac standpoint without complaints of chest pain or shortness of breath with the exception of an episode in February 2004 when he experienced chest pain and received cardiac evaluation which was negative.

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, App. 2, Table No. 2.

Chest x-rays have shown evidence of a lung nodule and "accentuated bronchial markings;" however, further evaluation has been negative for any significant problems, and pulmonary function studies have been interpreted as normal.

Plaintiff has a long history of back pain complaints and was treated at the Cabell Huntington Pain Management Center from 1999 to 2001, but stopped this treatment due to heart problems. He began treatment there again in early 2004. X-rays have typically shown only mild degenerative changes in the thoracic and lumbar spine, and examiners have generally characterized findings of pain or tenderness as "mild."

Ken Devlin, a psychologist working in conjunction with Dr. Ozturk at the Pain Management Center, evaluated plaintiff and concluded he had anxiety disorder, not otherwise specified, and anxiety due to chronic pain. Treatment was focused primarily on getting plaintiff's pain under control, and an anti-depressant medication was used for only a brief period.

The administrative law judge, relying on the opinion of Robert Marshall, M.D., a specialist in cardiology who was called upon to provide an expert medical opinion, ultimately found plaintiff capable of light level work with an ability to stand/walk a total of six hours in a work day, two hours without interruption; sit one to two hours at a time; never climb ladders, ropes or scaffolds; only occasionally climb ramps or stairs, balance, stoop, crouch, kneel and crawl; and should avoid work at unprotected heights, around dangerous, moving machinery, excessive dust, fumes or gases, temperature extremes and vibration.

Plaintiff asserts that the administrative law judge's decision should be reversed because it is not supported by substantial evidence. More specifically, he claims that his physical and mental impairments in combination equal a listed impairment. He does not identify an impairment which

he believes is equaled, however. The regulations pertaining to medical equivalence specify that if an individual has a combination of impairments, none of which meets a listing by itself, the Commissioner's consultants will compare the findings with those of "closely analogous" listed impairments. The findings related to the claimants impairments must be "at least of equal medical significance" to those of a listed impairment to be medically equivalent.[3]

Considering each of plaintiff's severe impairments in turn, the administrative law judge concluded that none individually met or equaled a listed impairment. He further specifically found that plaintiff's impairments in combination, including those he found to be non-severe, did not equal a listed impairment. The Court concludes the administrative law judge's analysis is clearly in accordance with the regulations, and plaintiff's argument in this regard is not persuasive.

Plaintiff also alleges his impairments are "capable of producing the degree of pain he alleges" and thus his complaints of pain are sufficient to establish he is disabled. As the Commissioner points out in his brief, plaintiff's subjective complaints by themselves cannot support a finding of disability.[4] There must be "medical signs and laboratory findings" showing he has a medical impairment which could "reasonably be expected" to produce the pain and other symptoms from which plaintiff alleges he suffers.[5] Here, the administrative law judge found that plaintiff had met this particular requirement. He was not, however, persuaded that plaintiff's allegations as to the intensity and persistence of his pain and other symptoms were credible.

---

[3] 20 C.F.R. § 416.926(b)(3).

[4] 20 C.F.R. § 416.929(a).

[5] Id. See also, Craig v. Chatter, 76 F.3d 585, 594 (4th Cir. 1996).

In evaluating credibility, the administrative law judge considered the medical evidence and also the factors set forth in 20 C.F.R. § 416.929(c)(3) relative to plaintiff's activities of daily living, specific information about where his pain is located, what causes it, how long it lasts, what medications and other modalities he has used to treat it and other information relative to his functional limitations and restrictions. Plaintiff specifically mentions in his brief that "a correct resolution" of his case revolves around his testimony that "fatigue, headaches, and pain" preclude him from performing substantial gainful activity.

Although plaintiff testified he experienced headaches "a couple of times a week" lasting from a few minutes to two or three days, he admitted he was not treating with anyone for this condition and stated "they" said the headaches could be due to his blood pressure[6] or his heart or "anything." He deals with these headaches by going into a dark room and will use ice if the pain gets "real bad." The administrative law judge observed that the medical records do not reflect complaints of, or treatment for, a problem with headaches, even though plaintiff has had a medical card for five years and is active in pursuing treatment for other medical problems.

With regard to fatigue, the record does reflect concerns in this regard expressed by plaintiff; however, a significant contributing factor was felt to be sleep apnea, confirmed by a sleep study and felt to be "most likely" caused by "pharyngeal instability" which was noted to be "corrected" with the use of a CPAP machine, according to an October 16, 2004 report. Hence, the Commissioner reasonably inferred that this fatigue would be significantly reduced with the use of the CPAP machine.

---

[6]It seems unlikely this could be the cause of the headaches since this condition was characterized as well-controlled with medication.

5

The administrative law judge discussed in detail plaintiff's allegations of continued daily chest pain. As he noted, plaintiff's stated limitations in this regard were not borne out by the medical evidence which, as noted, reflected few complaints of cardiac problems since the 2002 myocardial infarction and angioplasty with the exception of a brief period of shortness of breath and chest pain shortly before the third angioplasty in 2003. Plaintiff's condition has been noted by his treating physicians and Dr. Marshall, the medical expert, to be stable thereafter.

X-rays and clinical findings relative to plaintiff's longstanding back condition have demonstrated mild problems and limitations. In particular, as the administrative law judge noted, there have been no neurological deficits observed. A consultative exam in January 2003 did reflect tenderness, "very mild" muscle spasm and somewhat limited range of motion in the lumbar spine; however, exam at the Pain Management Center at the time plaintiff re-started treatment there in February 2004, showed a normal gait without abnormalities of the lower extremities, "segmental pain" only at the L4 and L5 areas and limited range of motion, although greater than that measured in January 2003. Further, plaintiff described his pain as primarily a "dull ache" and estimated he could lift up to 100 pounds, stand for thirty minutes, walk two blocks and sit one to two hours. In view of this evidence, and taking account of the administrative law judge's "opportunity to observe the demeanor and to determine the credibility of the claimant," these findings are entitled to "great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Clearly, the administrative law judge's determination that plaintiff's complaints as to headaches, pain and fatigue are not completely credible is well-supported by the substantial evidence in the record. The Court concludes, therefore, plaintiff's argument in this regard is not persuasive and that the administrative law judge's decision and must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: July 30, 2009

*[Signature: Maurice S. Taylor, Jr.]*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE